**Harbhajan SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–4227–AG.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Harbhajan Singh, Brooklyn, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York. Varuni Nelson, Steven Kim, Elliot Schnachner, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Harbhajan Singh, a native and citizen of India, petitions for review of a BIA order denying his motion to reopen removal proceedings. We assume the parties' famil-

iarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

As an initial matter, Singh's petition for review is timely only as to the BIA's January 2003 denial of his motion to reopen. To obtain review of both the BIA's August 2002 order affirming the IJ's order of removal and the BIA's January 2003 order denying his motion to reopen, Singh needed to file two separate petitions for review. *See Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001). The filing of a motion to reopen does not toll the statutory period for appealing the underlying order. *Id.* Because Singh did not independently appeal from the BIA's August 2002 decision within the 30 days specified in 8 U.S.C. § 1252(b)(1), this Court lacks jurisdiction to review the merits of the underlying proceedings and its review is limited to the BIA's denial of the motion to reopen. *Id.*

Regarding the BIA's January 2003 order denying Singh's motion to reopen, Singh's petition fails to raise any legal argument challenging that decision, and his appeal of the decision is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). However, even assuming Singh had not waived his challenge to the January 2003 order, the BIA did not abuse its discretion by denying the motion. The BIA correctly found that Singh had failed to present sufficient evidence of changed country conditions, and had also failed to offer any other new evidence warranting a reopening of his removal proceedings. Accordingly, the BIA properly denied the motion, and the petition is without merit.

For the foregoing reasons, Singh's petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).